**Heng Hu ZHU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1812–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 19, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Geoffrey J.L. Brown, Assistant United States Attorney, United States Attorney's Office, Syracuse, New York, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of the petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Heng Hu Zhu ("Zhu") petitions, through counsel, for review of the BIA's decision denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA affirms without opinion, this Court reviews the IJ's decision, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005), reviewing the IJ's factual findings under the substantial evidence standard, and overturning them only if any reason-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

able adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

In the instant case, the IJ's adverse credibility determination was supported by substantial evidence. First, the IJ noted that Zhu alleged that he argued with the police on Saturday March 18, 2001, but that day was a Sunday. Second, Zhu testified that he was the only one the police wanted to arrest, later stated that the police had arrested the priest, but stated that the people who had helped him escape were not arrested. Thus, the IJ had a basis for finding the testimony implausible. Finally, because the testimony alone was not sufficient, the IJ did not err by requiring corroborating evidence. *Id.; see also Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991). Given that Zhu obtained a resident identification card and a letter from his church following his arrival in the U.S., he also could have obtained affidavits or letters from eyewitnesses. As Zhu failed to establish eligibility for asylum, he necessarily failed to meet the higher burden for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d. at 71. Zhu waived his CAT claim by failing to raise it before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is denied. Zhu's motion for a stay of removal is DENIED as moot.